IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHANNA THORNTON, JENNIFER PRATER, HEATHER KIDD, for themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CRAZY HORSE, INC., JEANETTE H. JOHNSON, SANDS NORTH, INC., d/b/a FANTASIES ON 5TH AVENUE, KATHLEEN HARTMAN, CAROL J. HARTMAN, MARCO GONZALEZ,<br><br>Defendants. | Case No. 3:06-cv-00251 TMB<br><br>**O R D E R** |

## I. MOTIONS PRESENTED

Before the Court are Defendants ("Defendants") Crazy Horse, Inc. and Jeanette H. Johnson with a Motion to Compel at Docket 91. Defendants seek discovery of the Plaintiffs' income tax returns.[1] Defendants contend that the Plaintiffs' tax returns are relevant to the claims because they reveal whether the Plaintiffs treated themselves as independent contractors or employees, show the amount of wages and tips the Plaintiffs received, and relate to the

---

[1] Docket 91 at 2.

credibility of the Plaintiffs' own time records.[2] The Plaintiffs allege that their tax returns are not relevant, are private, and furthermore, that any relevant information contained in the tax returns is already available to the Defendants.[3]

The Court concludes that the information already available to the Defendants is sufficient to determine the Paintiffs' employment statuses and their wages received during the relevant time period, and that production of the Paintiffs' income returns would be an inappropriate intrusion of their privacy. Accordingly, Defendant's Motion to Compel at **Docket 91** is **DENIED.**

## II. RELEVANT BACKGROUND AND LAW

This is a suit under the Wage and Hour Acts where the Plaintiffs allege that they were not compensated for minimum wage and that other deductions were made in the form of required "tips."

Rule 26(b) of the Federal Rules of Civil Procedure provides that any non-privileged material "that is relevant to any party's claim or defense" is within the scope of discovery.[4] The court may

---

[2] Id.

[3] Docket 102 at 5.

[4] Fed. R. Civ. P. 26(b)(1); (the 2000 amendment to Rule 26(b)(1) replaced the phrase "relevant to the **subject matter** involved in the action" with the phrase "relevant to **any party's claim or defense**" in order to "involve the court more actively in regulating the breadth of sweeping or continuous discovery . . . here is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved


2

allow discovery of any material "relevant to the subject matter involved in the action," not just the claims or defenses of each party, if there is good cause to do so.[5]  Information that could be used to impeach a witness that is not relevant to the claims or defenses of either party involved "might be properly discoverable" if the court has good cause to allow it.[6]

The court may limit the frequency or extent of discovery otherwise allowed if it determines that the discovery sought can be obtained from some other source that is more convenient or less burdensome.[7]  The court must also limit discovery if the burden of the proposed discovery outweighs its likely benefit.[8]  "In each instance [of discovery], the determination whether . . .

---

to determine whether the discovery is relevant to the claims or defenses and, if not, whether good causes exists for authorizing it so long as it is relevant to the subject matter of the action." Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)(Gap Report)(Subdivision (b)(1)).

[5] Id.

[6] Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)(Gap Report)(Subdivision (b)(1)); see, e.g., Kerr v. N.D. Cal., 511 F.2d 192, 196-97 (9th Cir. 1975).

[7] Fed. R. Civ. P. 26(b)(2)(C)(I); accord Societe Nationale Industrielle Aerospatiale v. S.D. Iowa, 482 U.S. 522, 566 (1987); accord Bell Atlantic Corp v. Twombly, 127 S.Ct. 1955, 1988 (2007).

[8] Fed. R. Civ. P. 26(b)(2)(C)(iii).

3

information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action."[9]

### III. ANALYSIS

Defendants allege that the Plaintiffs' tax returns are needed to determine whether the Plaintiffs considered themselves independent contractors or employees, including whether they deducted the tips or fees they claim to have paid.[10] They contend that the very broad meaning of relevance under the federal rules of discovery, coupled with the inability to receive this information otherwise, permit this motion to compel.

The Court disagrees. Even disregarding the contention that, as a matter of law, Plaintiffs were employees subject to the Wage and Hour Acts, Defendants were responsible for keeping track of their own expenditures and deductible expenses, whether the counter-parties were considered independent contractors or employees. Employers already have access to records indicating the number of hours their own employees worked, and Plaintiffs' tax returns would simply duplicate their records.

Defendants alternatively argue that the Plaintiffs' records relate to the credibility and validity of their time records. The Court may allow discovery of information that could be used to

---

[9] Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)(Gap Report)(Subdivision (b)(1)).

[10] Docket 91 at 3.

4

impeach a witness for good cause, if it relates to the subject matter of the action.[11] But whether the Plaintiffs filed false returns is not at issue in this case, and Defendants have not convinced this Court that tax returns relate in any way to the credibility of the Plaintiffs' claims. Without good cause, this Court will not compel production for this reason.

An individual's tax information is to be kept confidential.[12] The Ninth Circuit has maintained the need for "a public policy against unnecessary public disclosure [that] arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns."[13] Although income tax returns "do not enjoy an absolute privilege from discovery," invasion of an individual's privacy regarding his or her tax and gross income information in the name of discovery requires an apparent and justifiable reason, not found in the present case.[14]

## IV. CONCLUSION

Because the Plaintiffs' tax returns are not relevant to the claims and defenses of the case and because income data should not be disclosed without good cause, the Court will not compel its

---

[11] Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)(Gap Report)(Subdivision (b)(1)).

[12] See 26 U.S.C. §6103(a)(2008).

[13] Premium Serv. Corp. V. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975).

[14] Id.

5

production.[15]  Accordingly, Defendants' Motion to Compel at **Docket 91** is **DENIED.**

ENTERED this 14th day of September, 2010.

                                       S/TIMOTHY M. BURGESS
                                       UNITED STATES DISTRICT JUDGE

---

[15] Docket 51 at 13.