Kenneth W. Legacki, Esq.
Kenneth W. Legacki, P.C.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail: legacki@gci.net

Attorney for Plaintiffs


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| SHANNA THORNTON, JENNIFER PRATER, and HEATHER KIDD, for themselves and all other persons similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CRAZY HORSE, INC.; JEANETTE H. JOHNSON; SANDS NORTH, INC., d/b/a FANTASIES ON 5TH AVENUE; KATHLEEN HARTMAN; CAROL J. HARTMAN; and MARCO GONZALEZ, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | Case No. 3:06-cv-00251-TMB |
| | ) | |

**PLAINTIFFS' MOTION FOR ATTORNEY FEES
AND NONTAXABLE COSTS
(Pursuant to 29 U.S.C. § 216(b) and AS 23.10.110)**

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

Case 3:06-cv-00251-TMB-DMS   Document 236   Filed 07/18/12   Page 1 of 6

Plaintiffs Shanna Thornton, Jennifer Prater and Heather Kidd, by and through counsel, pursuant to Local Rule 54.3 and Federal Rule of Civil Procedure 54(d)(2), hereby move for an award of $119,875.00 in attorney fees and $2,280.00 in paralegal fees, for a total of $122,155.00. (Exs. 1 and 2) The authorities for an award of actual reasonable fees are AS 23.10.110 and 29 U.S.C. § 216(b).

In his affidavit in support of this motion, Kenneth Legacki states that the number of hours he worked were reasonably worked in this matter. (Ex. 1, Legacki Affidavit)

Plaintiffs' request for paralegal fees of $2,280.00 is also included herein pursuant to Federal Rule of Civil Procedure 54(d)(2).

Pursuant to Missouri v. Jenkins, 491 U.S. 274 (1989), the hourly rate at the time the fee application is made is the rate that is applied to all hours submitted to the court.

The United States Supreme Court stated in City of Burlington v. Dague, 112 S. Ct. 2638 (1992), the lodestar figure submitted by plaintiff's counsel "has a strong presumption of reasonableness." See also Singh v. State Farm Mut. Auto. Ins. Co., 860 P.2d 1193, 1199 (Alaska 1993).

The plaintiffs do not have to win on every issue in order to collect their full fees. In Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933 (1983), the United States Supreme Court stated that fees for work on unrelated and unsuccessful claims

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

MOTION FOR ATTORNEY FEES AND NONTAXABLE COSTS
Thornton, et al. v. Crazy Horse, Inc., et al. - Case No. 3:06-cv-00251-TMB
Page 2 of 6

is compensable if they are so intertwined with the main part of the litigation. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a fee. The result is what matters." Id. at 435, 103 S. Ct. at 1940. See also City of Riverside v. Rivera, 477 U.S. 560, 106 S. Ct. 2686 (1986).

In City of Riverside v. Rivera, the United States Supreme Court observed that a defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." Id. at 560, 106 S. Ct. at 2686.

In Chalmers v. City of Los Angeles, 676 F. Supp. 1515, 1524-1525 (C.D. Cal. 1987), the court considered relevant the defendant's "recalcitrant posture" as well as the economic risks assumed by the sole practitioner in accepting such a case.

The Plaintiffs should not be nickeled-and-dimed for going to trial. Plaintiffs should not be made to lose money because the Defendants chose a strategy of prolonged delay by filing pretrial motions that delayed trial. As was stated in McKennon v. Nashville Banner Publishing Co., 115 S. Ct. 879, 884 (1995), Congress designed the remedial measures of the statutes in order to spur employers to obey the law. The Sixth Circuit, in Fegley v. Higgins, 19 F.3d 1126, 1134 (6th Cir. 1994), stated:

MOTION FOR ATTORNEY FEES AND NONTAXABLE COSTS
Thornton, et al. v. Crazy Horse, Inc., et al. - Case No. 3:06-cv-00251-TMB
Page 3 of 6

The purpose of the FLSA attorney fees provision is "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." . . . Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here "encourage[s] the vindication of congressionally identified policies and rights." . . . Indeed, we have "upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages."

Id. at 1134-1135 (citations omitted).

In Gates v. Rowland, 39 F.3d 1439, 1449 (9th Cir. 1994), a lodestar attorney fee decision, the Ninth Circuit stated that the fee applicant bears the burden of documenting his fees, but the party opposing the fee application has the burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the fees claimed. Plaintiffs have supported the hourly fee rates by the affidavits of attorneys Lee Holen and Randall Simpson, who practice in the area of employment law. (Exs. 4 and 5) Plaintiffs' counsel supports the reasonableness of his fees by his time records.

Plaintiffs are asking for an additional award of $84.00 for actual parking costs incurred while in trial in January of 2012, which are nontaxable expenses and are not included in the Plaintiffs' Bill of Costs. (See Ex. 6) In Robledo v. Orellana, No. 3:11-CV-00758-BR, 2012 WL 442122, at *3 (D. Or. Feb. 10, 2012), the court stated: "Under the Fair Labor Standards Act, costs ['of the action'] include reasonable out-of-pocket expenses." Van Dyke v. BTS Container

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

MOTION FOR ATTORNEY FEES AND NONTAXABLE COSTS
Thornton, et al. v. Crazy Horse, Inc., et al. - Case No. 3:06-cv-00251-TMB
Page 4 of 6

<u>Serv., Inc.</u>, Civil No. 08-561-KI, 2009 WL 2997105, at *2 (D. Or. Sept. 15, 2009)

(citing <u>Smith v. Diffee Ford-Lincoln-Mercury, Inc.</u>, 298 F.3d 955, 969 (10th Cir.

2002)). "Costs of the action can include costs beyond those normally allowed under

Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920." <u>Id</u>. (citing <u>Herold v. Hajoca Corp.</u>, 864

F.2d 317, 323 (4th Cir. 1988) (FLSA's costs provision authorizes an award of costs

as part of a "reasonable attorney's fee," which would not be authorized under Rule

54 or 28 U.S.C. § 1920).  Accordingly, it is respectfully requested that the Court also

award $84.00 to the Plaintiffs in nontaxable expenses.

      The Plaintiffs will supplement this fee application when all briefing

has been completed for the fees incurred in moving for attorney fees and defending

any challenge to this fee application.  <u>See</u> <u>Gates v. Rowland</u>, 39 F.3d at 1449.

      DATED this 18th day of July, 2012.

          KENNETH W. LEGACKI, P.C.
          Attorney for Plaintiffs

          By    s/Kenneth W. Legacki
              Kenneth W. Legacki
              Alaska Bar No. 8310132
              425 G Street, Suite 920
              Anchorage, AK  99501
              Phone: (907) 258-2422
              Fax: (907) 278-4848
              E-mail: legacki@gci.net

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

## List of Exhibits

Exhibit 1        -        Affidavit of Kenneth W. Legacki

Exhibit 2        -        Billing for Legal Services Rendered

Exhibit 3        -        Co-author of Alaska Chapter, **Wage and Hour Laws: A State-by-State Survey**

Exhibit 4        -        Affidavit of Lee Holen

Exhibit 5        -        Affidavit of Randall Simpson

Exhibit 6        -        Parking Receipts

I HEREBY CERTIFY that on the 18th day of
July, 2012, a copy of the foregoing
document was electronically served on:

Rex Lamont Butler, Esq.
David E. George, Esq.
Kenneth P. Jacobus, Esq.
Bradley J. Shafer, Esq.

_____s/Kenneth W. Legacki_____

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

MOTION FOR ATTORNEY FEES AND NONTAXABLE COSTS
Thornton, et al. v. Crazy Horse, Inc., et al. - Case No. 3:06-cv-00251-TMB
Page 6 of 6