Kenneth W. Legacki, Esq.
Kenneth W. Legacki, P.C.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail: legacki@gci.net

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHANNA THORNTON, JENNIFER PRATER, and HEATHER KIDD, for themselves and all other persons similarly situated,<br><br>              Plaintiffs,<br><br>    vs.<br><br>CRAZY HORSE, INC.; JEANETTE H. JOHNSON; SANDS NORTH, INC., d/b/a FANTASIES ON 5TH AVENUE; KATHLEEN HARTMAN; CAROL J. HARTMAN; and MARCO GONZALEZ,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06-cv-00251-TMB<br>)<br>) |

**PLAINTIFFS' REPLY TO OPPOSITION TO**
**MOTION FOR ATTORNEY FEES AND NONTAXABLE COSTS**

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

Case 3:06-cv-00251-TMB-DMS   Document 256   Filed 08/20/12   Page 1 of 6

In a recent case, <u>Arizona, Dept. of Law, Civil Rights Div. v. ASARCO, L.L.C.</u>, No. CV 08-441 TUC-MWB, 2011 WL 6951842 (D. Ariz. Sept. 29, 2011), the trial court addressed very similar issues to those raised by the Crazy Horse Defendants in their Opposition to the Plaintiffs' Motion for Attorney Fees. The court, in granting the fees requested, stated that it was: "Mindful of the United States Supreme Court's recent admonition that '[t]he essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.' <u>Fox v. Vice</u>, ___ U.S. ___, 131 S. Ct. 2205, 2216, 180 L. Ed. 2d 45 (2011)." <u>Id</u>. at *1.

        The Defendants do not claim the hourly rate that the Plaintiffs seek is unreasonable, nor do they really claim that the hours expended were not necessary. The gravamen of their argument against the Plaintiffs is that they did not prevail on the issues of the tip outs, but Plaintiffs prevailed on the Defendants' failure to pay the employees their minimum and overtime wages.

        In reviewing all the cases that the Defendants have cited, it appears there is language in each and every one of the cases cited also supports the Plaintiffs' claim for their attorney fees. The court in <u>Webb v. Sloan</u>, 330 F.3d 1158, 1168 (9th Cir. 2003), stated:

> Echoing the Supreme Court's description of related-claim cases, we have said that related claims involve a common core of facts <u>or</u> are based on related legal theories. . . . Often, related claims involve both a common core of facts and related legal theories. . . . However, contrary to the district court's understanding, we have not <u>required</u>

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY FEES AND
   NONTAXABLE COSTS
Thornton, et al. v. Crazy Horse, Inc., et al. - Case No. 3:06-cv-00251-TMB
Page 2 of 6

commonality of both facts <u>and</u> law before concluding that unsuccessful and successful claims are related.

<u>Id</u>. at 1168 (citations omitted).

Again, in <u>Webb</u>, the court there stated:

We acknowledged that the test for relatedness of claims is not precise. . . . However, we offered some guidance, explaining that "the focus is to be on whether the unsuccessful and successful claims arose out of the same 'course of conduct.' . . ." We explained that claims are <u>unrelated</u> if the successful and unsuccessful claims are "distinctly different" <u>both</u> legally <u>and</u> factually. . . . Ultimately, however, we reaffirmed that the focus is on whether the claims arose out of a common course of conduct. . . . In short, claims may be related if either the facts <u>or</u> the legal theories are the same.

330 F.3d at 1169 (citations omitted), citing to <u>Schwartz v. Secretary of Health & Human Services</u>, 73 F.3d 895, 901-03 (9th Cir. 1995).

In another case cited by the Defendants, <u>McGinnis v. Kentucky Fried Chicken of California</u>, 51 F.3d 805, 808 (9th Cir. 1994), the court stated, "We cannot imagine why a lawyer would allocate equal hours to each claim." <u>Id</u>. at 808.

Clearly, the facts and the legal theories were all very similar in that the Plaintiffs alleged there were numerous violations of the Alaska and Federal Wage and Hour Acts. Not only were the Plaintiffs not paid a minimum wage, nor their overtime, but they also had to pay to the owners money for every hour they worked. The Plaintiffs also testified about other issues they believed were in violation of the Wage and Hour Acts, including having to tip out to the managers and to others

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY FEES AND
    NONTAXABLE COSTS
Thornton, et al. v. Crazy Horse, Inc., et al. - Case No. 3:06-cv-00251-TMB
Page 3 of 6

Case 3:06-cv-00251-TMB-DMS   Document 256   Filed 08/20/12   Page 3 of 6

which they assert were coerced. The Court disagreed, but the claims were not frivolous. This Court held that there was a violation of not only the Alaska Wage and Hour Act, but also the Fair Labor Standards Act, but not to the extent requested by the Plaintiffs.

Defendants neglect to advise the Court of two facts it is requested the Court take into consideration: (1) it was the late entry of new attorneys in the case that caused a substantial amount of extra fees to be incurred by postponing trial and engaging in dispositive motion practice in which they were not successful, and (2) the fact that the policies of at least one establishment changed because of the actions of the Plaintiffs. As the testimony of Ms. Carol Hartman during trial indicated, because of the lawsuit, they changed their practices in paying their employees. That testimony brings in other factors to be considered by this Court. In McCown v. City of Fontana, 565 F.3d 1097, 1105, the court held the district court should consider whether the plaintiff has affected a change in policy and the court should also consider the public benefit of deterring unlawful conduct. These two factors support the Plaintiffs' claim for full fees.

There is no doubt the Plaintiffs' attorney fees would have been less if the Defendants' Michigan attorneys had not appeared in the case on the eve of the February 2011 trial date, which was postponed, and had not engaged in the dispositive motion practice. The Crazy Horse Defendants failed to mention to the

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY FEES AND
    NONTAXABLE COSTS
Thornton, et al. v. Crazy Horse, Inc., et al. - Case No. 3:06-cv-00251-TMB
Page 4 of 6

Case 3:06-cv-00251-TMB-DMS   Document 256   Filed 08/20/12   Page 4 of 6

Court that they had four different attorneys participating in the case: Rex Butler, David George, Brad Shafer and Matthew Hoffer; the Sands North Defendants were represented by Kenneth Jacobus. Indeed, this Court expressed displeasure because depositions were not taken.

In conclusion, Plaintiffs believe the Fox quote in Arizona v. ASARCO, 2011 WL 6951842, as stated by Judge Bennett, is apt for the issue before this Court. As the Supreme Court recently explained:

> [W]e have made clear that plaintiffs may receive fees under § 1988 even if they are not victorious on every claim. A civil rights plaintiff who obtains meaningful relief has corrected a violation of federal law and, in so doing, has vindicated Congress's statutory purposes. That "result is what matters," we explained in Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983): A court should compensate the plaintiff for the time his attorney reasonably spent in achieving the favorable outcome, even if "the plaintiff failed to prevail on every contention." Ibid. The fee award, of course, should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief: Such work "cannot be deemed to have been expended in pursuit of the ultimate result achieved."" Ibid. (internal quotation marks omitted). But the presence of these unsuccessful claims does not immunize a defendant against paying for the attorney's fees that the plaintiff reasonably incurred in remedying a breach of his civil rights.
>
> Fox, 131 S. Ct. at 2214.

Arizona, 2011 WL 6951842, at *8.

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY FEES AND
    NONTAXABLE COSTS
Thornton, et al. v. Crazy Horse, Inc., et al. - Case No. 3:06-cv-00251-TMB
Page 5 of 6

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

Therefore, this Court should award the Plaintiffs the attorney fees they have requested because they received the result that was not only good for them, but also made at least one of the Defendant clubs change their policies with respect to paying wages to its employees.

DATED this 20th day of August, 2012.

        KENNETH W. LEGACKI, P.C.
        Attorney for Plaintiffs

By    s/Kenneth W. Legacki
      Kenneth W. Legacki
      Alaska Bar No. 8310132
      425 G Street, Suite 920
      Anchorage, AK 99501
      Phone: (907) 258-2422
      Fax: (907) 278-4848
      E-mail: legacki@gci.net

I HEREBY CERTIFY that on the 20th day of
August, 2012, a copy of the foregoing
document was electronically served on:

Rex Lamont Butler, Esq.
David E. George, Esq.
Kenneth P. Jacobus, Esq.
Bradley J. Shafer, Esq.

    s/Kenneth W. Legacki

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY FEES AND
    NONTAXABLE COSTS
Thornton, et al. v. Crazy Horse, Inc., et al. - Case No. 3:06-cv-00251-TMB
Page 6 of 6

Case 3:06-cv-00251-TMB-DMS   Document 256   Filed 08/20/12   Page 6 of 6